UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERRICK T. BOLDEN, | ) | Case No.: 1:11 CV 170 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BOB REID, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

Plaintiff *pro se* Errick T. Bolden filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Bob Reid, Cuyahoga County, Ohio Sheriff, the Cuyahoga County Public Defenders Office and Assistant Public Defender Kathline Demetts.

Plaintiff was indicted on one count of attempted murder, R.C. § 2903.02A, and two counts of felonious assault, R.C. § 2903.11A, by a Cuyahoga County Grand Jury. *State v. Bolden*, Case No. CR-10-540151. The Common Pleas Court docket shows that on December 29, 2010, Plaintiff was found incompetent to stand trial and was sent for treatment to restore his competency. Plaintiff alleges that his constitutional rights have been violated by the sham legal process occurring in his criminal case. For example, a probable cause hearing was held wherein witnesses were examined without compliance with the rules of evidence. Further, he asserts that he was denied open court proceedings and was not present during many of those proceedings. An assistant public defender, not named as a defendant, allegedly allowed the statutory and constitutional abrogations knowing that Plaintiff's rights were being violated. Plaintiff requests an immediate investigation and an order

freezing Defendants' assets.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this court is required to abstain from intervening in the state court proceedings.

2

There are no allegations against Sheriff Bob Reid. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid must be dismissed as a party Defendant.

Also, there are no allegations against Assistant Public Defender Kathline Demetts. In order to state a claim under § 1983, Plaintiff must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). The Supreme Court has held that "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981)*; Ferguson v. Louisville Metro Police*, 2010 WL 4860298 * 3 (W.D.Ky., Nov. 22. 2010). Thus, Assistant Public Defender Kathline Demetts is not a proper party.

Plaintiff has named the Cuyahoga County Public Defenders Office as a Defendant. A public defender's office is not a "person" within the meaning of § 1983. *Newell v. Montgomery County Public Defender's Office*, 2009 WL 1392838 * 2 (M.D.Tenn., May 18, 2009). Even if it can be considered a person for purposes of § 1983, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *Powers v. Hamilton County Public Defenders Commission*, 501 F.3d 592, 607 (6th Cir.

2007). *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691(1978). Moreover, in order to state a claim against a county public defenders office under § 1983, a plaintiff must show that his injury was caused by an unconstitutional "policy" or "custom" of the county. *Id. See Monell ,* 436 U.S. at 692*; Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). There are no such allegations.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 9, 2011